# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**GENE FOWLER JR.,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0171** (BOR Appeal No. 2050722)
(Claim No. 2013011188)

**BRAND SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gene Fowler Jr., by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brand Services, Inc., by Michael A. Kawash, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 4, 2016, in which the Board affirmed a July 31, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 24, 2015, decision which denied the authorization of a lumbar MRI. The Office of Judges also affirmed the claims administrator's January 15, 2015, decision which denied the addition of low back pain, lumbar radiculitis, and stenosis as compensable components of the claim. The Office of Judges affirmed the claims administrator's April 29, 2014, decision which denied authorization for referral to Rammy Gold, M.D. Finally, the Office of Judges affirmed the February 21, 2014, decision which denied temporary total disability benefits from August 30, 2013, through March 31, 2014. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fowler was injured on October 24, 2012, when he lifted a crane pad that was constructed of plywood and oak. On December 6, 2013, the Office of Judges determined the

claim was compensable for thoracic and lumbar sprain/strain. In the instant appeal, Mr. Fowler is requesting authorization for a lumbar MRI; the addition of low back pain, lumbar radiculitis, and stenosis to the claim; temporary total disability benefits for August 8, 2013, through March 31, 2014; and authorization for a referral to Dr. Gold.

On February 21, 2014, the claims administrator denied authorization for a referral to Dr. Gold. On April 29, 2014, the claims administrator denied temporary total disability benefits for August 30, 2013, through March 31, 2014. On January 15, 2015, the claims administrator denied the addition of low back pain, lumbar radiculitis, and stenosis to the claim. Finally, on March 24, 2015, the claims administrator denied the authorization of a lumbar MRI. On July 31, 2015, the Office of Judges affirmed the claims administrator's decisions. The Board of Review affirmed the reasoning and conclusions contained in the Order of the Office of Judges in its decision dated February 4, 2016.

Regarding the request to add low back pain, lumbar radiculitis, and stenosis as compensable components of the claim, the Office of Judges noted that Mr. Fowler has failed to introduce any evidence connecting the conditions to the compensable injury. An MRI from 2008 showed that Mr. Fowler had degenerative disc changes and disc bulging at the L2-3 and L3-4 levels with no significant central canal or foraminal stenosis. MRIs taken in 2014 and 2015 showed bilateral moderate neural foraminal narrowing at the L3-4 level and mild central canal stenosis. However, Mr. Fowler failed to connect the changes between 2008 and 2014 to the compensable injury. The Office of Judges determined that the stenosis and radiculopathy were attributable to pre-existing conditions.

Regarding the request for temporary total disability benefits from August 30, 2014, through March 31, 2014, the Office of Judges found that Mr. Fowler had failed to connect his temporary total disability to the compensable injury. Mr. Fowler submitted reports from PARS Spine and Brain Institute, as well as Marietta Memorial Hospital, in support of his position. However, those reports show diagnoses of radiculitis, stenosis, and degenerative changes of the lumbar spine, which the Office of Judges determined were not compensable components of the claim. Thus, Mr. Fowler failed to establish by a preponderance of the evidence that he was eligible for temporary total disability benefits for the compensable injury of a thoracic and lumbar sprain/strain.

Regarding the requests for a referral to Dr. Gold and authorization of a lumbar MRI, the Office of Judges determined Mr. Fowler had once again failed to meet his burden. The claims administrator must provide medically related and reasonably necessary medical treatment. With regard to a thoracic and lumbar sprain/strain, the estimated duration of care is zero to four weeks, not to exceed eight weeks. Mr. Fowler's request for both the referral to Dr. Gold and the lumbar MRI were approximately fifteen and twenty-seven months after the date of injury, respectively. This is far longer than the permitted timeline and Mr. Fowler presented no evidence that his case was extraordinary. Additionally, Dr. Gold is a neurosurgeon and Mr. Fowler's request for a referral was based upon an MRI that revealed conditions which were held non-compensable. The request for an additional MRI was also based on diagnoses which are non-compensable. The

Office of Judges determined that Mr. Fowler failed to meet his burden on all four requests. The Board of Review affirmed the Order of the Office of Judges.

After reviewing the record, it is clear the Office of Judges' decision is supported by the record. Mr. Fowler has not produced any relevant evidence on appeal to this Court. All medical reports he has introduced fail to connect the conditions of radiculopathy and stenosis to his compensable injury. Because these conditions are not compensable, denial of the requests for temporary total disability benefits, the referral to Dr. Gold, and the additional lumbar MRI are proper.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum